

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

October 26, 1964

WAGGONER CARR
ATTORNEY GENERAL

*affirm)*
*0-1262    0-6290*
*0-1187    0-6397*
*0-6124    V-734*

Honorable Franklin L. Smith
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. (C-338)

Re: Whether the taxpayer
has the right to pay
his state ad valorem
tax early, taking ad-
vantage of the discount
afforded by Article
7255b, V.C.S., and pay
his county ad valorem
tax at a later date,
without discount, so
long as said county ad
valorem tax is paid
before it becomes de-
linquent.

Dear Mr. Smith:

You have requested an opinion of this office on the above captioned question.

Article 7255b, Vernon's Civil Statutes reads as follows:

"All taxpayers shall be allowed discounts for the payment of taxes due to the State and all governmental and political subdivisions and taxing districts of the State, said discounts to be allowed under the following conditions: (a) three (3%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State, if such taxes are paid ninety (90) days before the date when they would otherwise become delinquent; (b) two (2%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid sixty (60) days before the date when they would otherwise become delinquent; (c) one (1%) per cent discount on ad valorem taxes due the

State or due any governmental or political
subdivision or taxing district of the State,
if such taxes are paid thirty (30) days be-
fore the date when they would otherwise be-
come delinquent. Provided, however, that the
provisions of this section shall not apply
to water improvement districts, irrigation
districts, levee districts, water control
districts, and other governmental subdivisions,
cities, towns and independent school districts
unless and until the governing body of such
water improvement districts, irrigation dis-
tricts, levee districts, water control dis-
tricts, and other governmental subdivisions,
cities, towns or independent school district
by ordinance, resolution or order, shall
adopt the provisions hereof; and in the event
any such water improvement district, irrigation
district, levee district, water control dis-
trict, and other governmental subdivisions,
city, town or independent school district
elects to allow such discounts, then the gov-
erning body of each water improvement district,
irrigation district, levee district, water
control district, and other government sub-
divisions, city, town or independent school
district, shall have power, by the ordinance,
resolution or order levying the annual taxes,
to designate the months in which such dis-
counts of three (3%) per cent, two (2%) per
cent, and one (1%) per cent respectively shall
be allowed, but in no event shall the same
apply to split payment of taxes."

Although there is some conflict in the holdings of
opinions during prior administrations of this office as to
whether all ad valorem taxes appearing on the general tax
rolls as to any one separately-assessed parcel of land
must be paid at the same time and as to the discount to
be allowed therefor under 7255b, it has been the consist-
ent ruling of the office of the Attorney General of this
State that a taxpayer must pay his State and County ad
valorem taxes at the same time. To the extent of their
specific holding on this point or their recognition of
this rule, the following Attorney General's Opinions are
affirmed: O-1262 (Sept. 8, 1939); O-1187 (Oct. 13, 1939);
O-6124 (Nov. 9, 1944); O-6290 (Dec. 15, 1944); O-6397 (1945);
and V-734 (1948).

We quote the following excerpt from page 2 of Attorney General Opinion No. 0-1262:

> "Pursuant to the express statutory warrant above stated, and to avoid interminable confusion in the keeping of accounts and the issuance of receipts by tax assessors-collectors of the various counties of Texas, the Comptroller of Public Accounts promulgated a regulation that all ad valorem taxes appearing upon the general tax rolls such as state, county and common school district taxes, which the tax collecting officials of the county were charged with collecting must, as to any one separately-assessed parcel of land, be paid at the same time. This long-standing regulation of the Comptroller has been, time out of mind, uniformly observed by the tax-collecting officials of various counties, and under such administrative regulation and ruling they have refused to issue receipt for part payment of ad valorem taxes appearing upon the general tax rolls against any separately-assessed tract or parcel of land."

Although we have been informed by the Comptroller's Department that there is no such official specific regulation, such has been the departmental interpretation of the law in so far as state and county ad valorem taxes are concerned as evidenced by the form of the State and County Tax Receipt (Form 40-2.62) for receipting Full Payment or Last Half Payment of state and county ad valorem taxes charged on current tax rolls. This form is furnished tax assessor-collectors by the Comptroller without cost. A separate receipt is provided for First Half Payments of State and County Taxes (Form 40-2.23). The statement above quoted as to the uniform practice of tax assessors-collectors in this regard is correct in so far as state and county ad valorem taxes are concerned.

Stuard v. Thompson, 251 S.W. 277 (Tex.Civ.App. 1923), which held that a tax collector could refuse to accept state and county taxes tendered without payment of a wife's poll tax, is cited in Opinions 0-1262 and 0-1187 as sustaining their result in principle. Opinion 0-6124 points out that no statute authorizes a tax collector to receive and receipt for state taxes without, at the same time, collecting county taxes. We agree that these reasons stated in the aforementioned opinions support their holdings.

Since state and county taxes against any separately-assessed tract or parcel of land must be paid at the same time, a fortiori, Article 7255b, V.C.S., does not permit a discount for early payment of state ad valorem taxes even though the taxpayer later tenders payment of his county ad valorem taxes prior to delinquency.

## S U M M A R Y

State and county ad valorem taxes against any separately-assessed tract or parcel of land must be paid at the same time. Article 7255b, V.C.S., does not authorize a discount for early payment of state ad valorem taxes even though county ad valorem taxes are paid prior to delinquency.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: Marietta McGregor Payne
Marietta McGregor Payne
Assistant Attorney General

MMcGP:sjl

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Cecil Rotsch
Arthur Sandlin
W. E. Allen
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY: Roger Tyler